# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

CR CASE #01-162 JRT/FLN
CV 05-1539 JRT
ERRONEOUS COMPUTATION OF LOSS/ RESTITUTION

The District court Determination of the loss is wrongful. The District Court substitute gain for loss. Gain could be used to substitute for loss if there is actual loss and the application of gain will be a reasonable estimate of the loss. It is not a proxy for loss. If there is no loss there is no restitution. The Court claimed it does not have to make accurate determination of the loss, stating as follow in 2B1.1 The Rule of leniency clearly states that if there are two opposing means of resolving a sentencing issues the Court ought to differed to the most favorable to the defendant. The same subsection on loss computation state as follow: 2B1.1 Credit against loss – Loss shall be reduced by the following.

(i)The money returned, and the fair market value of the property returned and services rendered by the defendant or other person acting jointly with the defendant or to the victim before the offense were detected. The time of detection of the offence is the earlier of; the time the offense was discovered by a victim or government agency or

(ii) The time the defendant knew or reasonably should have know that offense was detected or about to be detected by a victim or government agency.
(iii) In a case involving collateral pledge or otherwise provided by the defendant , the amount the victim has recovered at the time of sentencing from disposition of the collateral, or if the collateral has not been disposed of by that time, the fair market value of the collateral at the time of sentencing.

This case revolved around the Co defendant buying Real estate properties, holding the title for a short time and after renovation or refurbishment selling these Real Estate properties to client of his brokerage firm (mortgage Advancement Corp)
The indictment listed four properties. These are

3643Lindale Ave N Maples
3318 Thomas Ave N Maples
2351 Pierce Ave NE Maples
9611 Portal drive Eden Prairie

As the time of indictment and sentencing the buyer of these properties had either sold the houses and made profit or have refinanced the properties and paid off the original loans initiated by the defendant or his brokerage firm. They even took home some cash at the refinancing. None of these proponent victims suffered

(ii) *In a case involving collateral pledged or otherwise provided by the defendant, the amount the victim has recovered at the time of sentencing from disposition of the collateral, or if the collateral has not been disposed of by that time, the fair market value of the collateral at the time of sentencing.*

(F) *Special Rules.—Notwithstanding subdivision (A), the following special rules shall be used to assist in determining loss in the cases indicated:*

(i) *Stolen or Counterfeit Credit Cards and Access Devices; Purloined Numbers and Codes.—In a case involving any counterfeit access device or unauthorized access device, loss includes any unauthorized charges made with the counterfeit access device or unauthorized access device and shall be not less than $500 per access device. However, if the unauthorized access device is a means of telecommunications access that identifies a specific telecommunications instrument or telecommunications account (including an electronic serial number/mobile identification number (ESN/MIN) pair), and that means was only possessed, and not used, during the commission of the offense, loss shall be not less than $100 per unused means. For purposes of this subdivision, "counterfeit access device" and "unauthorized access device" have the meaning given those terms in Application Note 7(A).*

(ii) *Government Benefits.—In a case involving government benefits (e.g., grants, loans, entitlement program payments), loss shall be considered to be not less than the value of the benefits obtained by unintended recipients or diverted to unintended uses, as the case may be. For example, if the defendant was the intended recipient of food stamps having a value of $100 but fraudulently received food stamps having a value of $150, loss is $50.*

(iii) *Davis-Bacon Act Violations.—In a case involving a Davis-Bacon Act violation (i.e., a violation of 40 U.S.C. § 276a, criminally prosecuted under 18 U.S.C. § 1001), the value of the benefits shall be considered to be not less than the difference between the legally required wages and actual wages paid.*

(iv) *Ponzi and Other Fraudulent Investment Schemes.—In a case involving a fraudulent investment scheme, such as a Ponzi scheme, loss shall not be reduced by the money or the value of the property transferred to any individual investor in the scheme in excess of that investor's principal investment (i.e., the gain to an individual investor in the scheme shall not be used to offset the loss to another individual investor in the scheme).*

(v) *Certain Other Unlawful Misrepresentation Schemes.—In a case involving a scheme in which (I) services were fraudulently rendered to the victim by persons falsely posing as licensed professionals; (II) goods were falsely represented as approved by a governmental regulatory agency; or (III) goods for which regulatory approval by a government agency was required but not obtained, or was obtained by fraud, loss shall include the amount paid for the property, services or goods transferred, rendered, or misrepresented, with no credit provided for the value of those items or services.*

*(III)* *Protected Computer Cases.—In the case of an offense involving unlawfully accessing, or exceeding authorized access to, a "protected computer" as defined in 18 U.S.C. § 1030(e)(2), actual loss includes the following pecuniary harm, regardless of whether such pecuniary harm was reasonably foreseeable: reasonable costs to the victim of conducting a damage assessment, and restoring the system and data to their condition prior to the offense, and any lost revenue due to interruption of service.*

*(B)* *Gain.—The court shall use the gain that resulted from the offense as an alternative measure of loss only if there is a loss but it reasonably cannot be determined.*

*(C)* *Estimation of Loss.—The court need only make a reasonable estimate of the loss. The sentencing judge is in a unique position to assess the evidence and estimate the loss based upon that evidence. For this reason, the court's loss determination is entitled to appropriate deference. See 18 U.S.C. § 3742(e) and (f).*

*The estimate of the loss shall be based on available information, taking into account, as appropriate and practicable under the circumstances, factors such as the following:*

*(i)* *The fair market value of the property unlawfully taken or destroyed; or, if the fair market value is impracticable to determine or inadequately measures the harm, the cost to the victim of replacing that property.*

*(ii)* *The cost of repairs to damaged property.*

*(iii)* *The approximate number of victims multiplied by the average loss to each victim.*

*(iv)* *More general factors, such as the scope and duration of the offense and revenues generated by similar operations.*

*(D)* *Exclusions from Loss.—Loss shall not include the following:*

*(i)* *Interest of any kind, finance charges, late fees, penalties, amounts based on an agreed-upon return or rate of return, or other similar costs.*

*(ii)* *Costs to the government of, and costs incurred by victims primarily to aid the government in, the prosecution and criminal investigation of an offense.*

*(E)* *Credits Against Loss.—Loss shall be reduced by the following:*

*(i)* *The money returned, and the fair market value of the property returned and the services rendered, by the defendant or other persons acting jointly with the defendant, to the victim before the offense was detected. The time of detection of the offense is the earlier of (I) the time the offense was discovered by a victim or government agency; or (II) the time the defendant knew or reasonably should have known that the offense was detected or about to be detected by a victim or government agency.*